J-A05037-26                    2026 PA Super 152

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                          :
               v.                     :
                                          :
                                          :
CHARLES CELLESTINO NAVARRO : 
                                          :
         Appellant          : No. 1504 EDA 2025

Appeal from the Judgment of Sentence Entered May 23, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-MD-0000313-2025

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED JULY 16, 2026**

Charles Navarro ("Navarro") appeals from judgment of sentence finding him in indirect criminal contempt ("ICC") of a temporary protection from abuse ("PFA") order.  On appeal, Navarro challenges the sufficiency of the evidence. For the reasons discussed below, we are constrained to reverse Navarro's ICC conviction and vacate the judgment of sentence.

Navarro and his ex-girlfriend, K.T., are the parents of a minor child, C.N. ("Child").  *See* Trial Court Opinion, 7/29/25, at 2.  In October 2024, K.T. filed a petition for a Protection from Abuse ("PFA") order on behalf of Child.  *See* Trial Court Opinion, 7/29/25, at 1-2.  Navarro was served with a copy of the temporary order.  *See* N.T., 5/23/25, at 12.

A review of the PFA Petition shows that K.T. was filing on behalf of their child, as Section 1 of the petition reflects:



In section 3 of the PFA petition form, it directs filers to refer to themselves as "Plaintiff" if they check/circle "Myself," as the person the order will protect. **See** Exh. D-1. If the filer only checks/circles "Another Person," the form states filers should refer to **that person** as "Plaintiff." **Id**. K.T. only checked/circled "Another Person" and identified Child in handwriting and then identified herself as the "filer" and indicated she was the "parent of minor plaintiff." **Id**. In section 4, the Child is the only person listed under "Name(s) of all protected persons, including minor child/ren and D.O.B." **Id**. As per the instructions, it appears the Child is the only person for whom K.T. sought protection under the PFA:



Furthermore, on the next page in the description of recent incident(s) of abuse section, K.T. described interactions of alleged abuse between Father and Child with no mention of interactions with K.T., providing supplemental evidence that this PFA petition was limited to the Child. See **Id.**, Section 4. Although there are some sections of the PFA petition that are unclear regarding protection, see e.g. section 9, section regarding relief sought - boxes A, D, E, and F, it is clear from the initial application pages that K.T. was applying for a PFA only on behalf of the Child.

Despite this, the temporary order states:

1. [Navarro] shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the **above persons** in any place where they might be found.

2. [Navarro] is excluded from the residence in Oxford, Chester County... ***Plaintiff*** is granted exclusive possession of the residence,

3. Except for such contact with the minor child/ren as may be permitted under Paragraph 5 of this order, [Navarro] is prohibited from having ANY CONTACT with ***Plaintiff***, ***or any other person protected under this order***...

4. Except for such contact with the minor child/ren as may be permitted under Paragraph 5 of this order, [Navarro] shall not contact ***Plaintiff, or any other person*** protected under this order...

5. CUSTODY. ...Until the final hearing, all contact between [Navarro] and the child/ren shall be limited to the following: no contact for duration of order except daily telephone, facetime or other online communication...

***See*** Trial Court Opinion, 7/29/25, at 2. (citation omitted) (some emphasis in original, some added).

Navarro and K.T appeared for a PFA hearing in mid-October 2024, however, the court continued the matter until January 2025, with the temporary order to remain in effect. ***See id***.

In late October and early November 2024, Navarro began sending a series of harassing messages to K.T. ***See id***. at 3. The messages belittled K.T.'s parenting skills and suggested K.T. was mentally ill and needed a psychological evaluation and/or medication. ***See id***. at 3. There is no indication in the record that the Child received any messages, or that the messages were directed at the Child.

- 4 -

As a result of these messages directed at K.T., the Commonwealth charged Navarro with one count of ICC. K.T. testified the texts from Navarro were not texts regarding custody matters but were harassing, belittling, and upsetting. *See id*. at 4. Navarro argued that K.T. was not a protected person under the PFA, thus the temporary order did not prohibit him from contacting her. *See id*. at 4-5. The trial court found Navarro violated the temporary order and entered a guilty verdict, sentencing him to a period of probation. *See id*. This appeal followed. Navarro and the trial court complied with Pa.R.A.P. 1925.

Navarro raises the following issues for our review:

I.  Did the trial court err in finding [Navarro] guilty of [ICC] where the temporary order was not sufficiently clear, definite, or specific as to whether the filing party is a "person" included in paragraph one?

II.  Did the trial court err in finding that [Navarro] acted with wrongful intent when he sent messages to the filing party complaining about her involvement in his calls with [Child]?

Navarro's Brief at 5.

Navarro first challenges the trial court's finding that the temporary order was sufficiently clear, definite, and specific to provide notice it afforded protection to K.T. *See* Navarro's Brief at 15-26. The standard applied in reviewing the sufficiency of the evidence is well-settled, "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Brumbaugh*,

932 A.2d 108, 109-110 (Pa. Super. 2007). Furthermore, "In applying this test, the entire record must be evaluated and all evidence actually received must be considered." *Id.*

Indirect criminal contempt occurs when a person violates an order or decree given by a court outside of the presence of the court. *See Commonwealth v. Boyer*, 282 A.3d 1161, 1163 n.1 (Pa. Super. 2022). To establish indirect criminal contempt, it must be shown that 1) the order was sufficiently clear to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act must have been one prohibited by the order; and 4) the intent of the contemnor in committing the act must have been wrongful. *See Commonwealth v. Smith*, 288 A.3d 126, 131-32 (Pa. Super. 2022).

To find the order was "sufficiently clear" the court must find the order was so definite, clear, and specific, that it left no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. *Gross v. Mintz*, 284 A.3d 479, 490 (Pa. Super. 2022) (citation and emphasis omitted). The court must infer all inferences and ambiguities in the underlying order in favor of the alleged contemnor. *See id*.

Here, the Commonwealth prosecuted Navarro for violating paragraph one of the temporary order.[1] *See* N.T., 5/23/25, at 69. Paragraph one of the temporary order states:

> [Navarro] shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the ***above persons*** in any place where they might be found.

*See* Trial Court Opinion, 7/29/25, at 2 (emphasis added).

As discussed above, the PFA petition and the temporary PFA Order are somewhat contradictory, resulting in confusion as to whom the Order covered. The term "above persons" in paragraph one of the order is unclear. While K.T.'s name is on the petition, it is clear her name appears only as the filer on behalf of the minor child. *See* Exh. D-1. Further, Child is the only name listed under "Name(s) of all protected persons, including minor child/ren and D.O.B." *Id*. In the petition, K.T. neither alleged abuse on her own behalf nor sought protection for herself under the temporary order. *See id*. Even in the light most favorable to the verdict winner, it is not sufficiently clear that the protections of the temporary order extend to K.T., who is only identified as the filer of the petition on behalf of her Child. Accordingly, this ambiguity must be construed in favor of Navarro, thus precluding the finding of ICC. *See Gross*, 284 A.3d at 490.

---

[1] The trial court conceded that paragraphs three and four of the temporary order were unclear and limited the verdict to a violation of paragraph one. *See* N.T., 5/23/25, at 70.

We are therefore constrained to conclude that the trial court erred in finding Navarro guilty of ICC as the order was not sufficiently clear, definite, and specific to provide notice that the order made K.T. a protected person. Thus, the evidence was not sufficient to convict Navarro of ICC against K.T. Since issue one is dispositive, we need not address Navarro's second issue.

Conviction reversed. Judgment of sentence vacated.

Judge Kunselman joins this decision.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2026